UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

FRANK FULTON, ) Case No.:
) 
  Plaintiff, )
)
 v. )
)
BLUESTEM BRANDS, INC. d/b/a ) JURY TRIAL DEMANDED
FINGERHUT, )
)
  Defendant. )
)

## COMPLAINT

FRANK FULTON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("DEFENDANT"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Ohio, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Chardon, Ohio 44024.

7. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a corporation with its principal place of business located at 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has two cellular telephone numbers.

11. Plaintiff has only used these phone numbers as cellular telephones.

12. Beginning sometime in 2015, Defendant began to contact Plaintiff by calling his personal cellular telephone and business cellular telephone multiple times daily.

13. When contacting Plaintiff on his cellular telephones, Defendant used an automatic telephone dialing system.

14. The automated calls began with a pre-recorded voice message from Defendant.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an account balance.

16. Plaintiff spoke with Defendant after the first seven or eight calls in 2015 and revoked any consent that Defendant may have had to contact him.

17. Defendant heard and acknowledged Plaintiff's request to stop by mentioning that his numbers were in their automated system and they "can't stop calling."

18. Thereafter, Plaintiff continued to receive calls through April 2016.

19. Ultimately, after Plaintiff's requests to stop the calls were ignored by Defendant, he was forced to block calls from Defendant's phone numbers.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff, on and after the seventh or eighth call in 2015, were not made with Plaintiff's prior express consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, FRANK FULTON, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, FRANK FULTON, demands a jury trial in this case.

Respectfully submitted,

DATED: April 22, 2016

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff